UNITED STATES DISTRICT COURT
DISTRICT OF COLUMBIA

| | |
|---|---|
| Federal Trade Commission<br>600 Pennsylvania Ave., N.W.<br>Washington DC 20580<br><br>Petitioner,<br><br>v.<br><br>Nexway, Inc.<br>4804 Mission Street, Suite 208,<br>San Francisco, California 94112<br><br>Respondent. | Case: 1:21−mc−00145<br>Assigned To : McFadden, Trevor N.<br>Assign. Date : 11/17/2021<br>Description: Misc.<br><br>**Case No.** _____<br><br>PETITION OF THE FEDERAL TRADE COMMISSION FOR AN ORDER ENFORCING CIVIL INVESTIGATIVE DEMAND |

INTRODUCTION

Petitioner, the Federal Trade Commission (the "FTC" or "Commission"), petitions this Court under Section 20 of the Federal Trade Commission Act ("FTC Act"), 15 U.S.C. §§ 57b-1(e), (h), for an order requiring Respondent, Nexway, Inc., to comply with an FTC civil investigative demand ("CID"). The Commission issued the CID, a form of administrative compulsory process, in a law enforcement investigation that seeks to determine whether Nexway has violated Section 5 of the FTC Act, 15 U.S.C. § 45(a), and the Telemarketing Sales Rule ("TSR"), 16 C.F.R. § 310 *et seq.*, by assisting and facilitating telemarketers engaged in deceptive or abusive practices and laundering their credit card charges.

Although Nexway produced documents in response to the CID, it now seeks to claw back and improperly withhold relevant documents with faulty claims of attorney-client privilege. Nexway's production did not identify any documents as privileged or include a privilege log. More than a year after being served with the CID, however, and after the FTC had been reviewing the documents for months, Nexway claimed that any communications between the company and its in-house legal advisor Oliver Von Kroog (a French "juriste") were privileged,

had been inadvertently produced, and should be returned. However, Nexway refused to specifically identify the supposedly privileged documents or to provide a privilege log as required by the CID. While doubting the validity of the privilege claim (among other reasons, Mr. Von Kroog is not an attorney and has never been a member of a bar in the U.S. or France), the FTC searched for and proactively sequestered approximately 200 documents that, as best as it can determine given Nexway's vague references, are allegedly privileged communications.

Nexway's vague, blanket privilege claim along with its refusal to identify the specific documents it considers privileged and produce a privilege log are hindering an ongoing federal investigation. Under this cloud of uncertainty, the FTC cannot use approximately 200 documents that are relevant to its investigation, and it faces a risk that Nexway may seek to claim privilege as to documents not presently segregated. Nexway's improper actions not only violate the CID but also run counter to legal standards for attorney-client privilege, which squarely place the burden of protecting the privilege and proving the claim on Nexway.

A summary proceeding to enforce the CID is necessary so that FTC staff may complete its investigation unobstructed by groundless privilege claims. The Court should issue an Order directing Nexway to show cause why the Court should not rule that: Nexway has waived any right to claim the attorney-client privilege related to any communications with or documents provided to Mr. Von Kroog produced to the FTC in response to the CID, or in the alternative; and, waiver aside, no attorney-client privilege applies to Nexway's communications with juriste Oliver Von Kroog; and therefore there is no restriction of the FTC using documents produced by Nexway in response to the CID. The Commission has made no prior application to any court for similar relief.

The FTC submits the following declarations and exhibits, which verify the allegations of the Petition and the accompanying memorandum of points and authorities:

- Exhibit 1: Declaration of Reeve Tyndall, Investigator at the FTC ("Tyndall Decl.")
- Exhibit 2: Declaration of J. Ronald Brooke, Jr., Attorney at the FTC ("Brooke Decl.")
- Exhibit 3: Declaration and Expert Report of Alexander Blumrosen, expert on French law ("Blumrosen Report.")
- Exhibit 4: Declaration of Gerwyn Baldwin ("Baldwin Decl.")
- Exhibits 10-23: Exhibits to Declaration of Reeve Tyndall, Investigator at the FTC
- Exhibits 24-34: Exhibits to Expert Report of J. Ronald Brooke, Jr. Attorney at the FTC

PETITION ALLEGATIONS

In support of its Petition, the Commission alleges as follows:

The Parties

1. The Commission is an administrative agency of the United States government, organized and existing pursuant to the FTC Act, 15 U.S.C. § 41, *et seq*. The Commission is authorized and directed by Section 5(a) of the FTC Act, 15 U.S.C. § 45(a), to prohibit, inter alia, "unfair or deceptive acts or practices in or affecting commerce." The Commission is also authorized by the Telemarketing and Consumer Fraud and Abuse Prevention Act, 15 U.S.C. §§ 6101-6108, and the rules promulgated under the authority of that Act, the Telemarketing Sales Rule, 16 C.F.R. Part 310, to prevent deceptive or abusive telemarketing acts or practices.

2. Respondent Nexway, Inc. is a Delaware corporation, which resides in, is found and transacts business in Washington, DC. Tyndall Decl. ¶¶ 8, 14

Jurisdiction and Venue

3. Section 3 of the FTC Act, 15 U.S.C. § 43, empowers the Commission to prosecute any inquiry necessary to its duties in any part of the United States; Section 6 of the Act, 15 U.S.C. § 46, empowers the Commission to investigate the business and conduct of any person, partnership, or corporation engaged in or whose business affects commerce; Section 20 of the FTC Act, 15 U.S.C. § 57b-1, empowers the Commission to require by CID the provision of oral testimony, documents, or other information relating to any Commission law enforcement investigation.

4. The Court has jurisdiction to enforce the Commission's duly issued CIDs, including the CID issued to Nexway. Sections 20(e) and (h) of the FTC Act, 15 U.S.C. §§57b-1(e) and (h), respectively, authorize the Commission to seek district court orders to enforce its CIDs in any jurisdiction in which the recipient of a CID "resides, is found, or transacts business" and district courts to enter such orders. Nexway resides, is found, and transacts business in the District of Columbia. Tyndall Decl. ¶¶ 8, 14. The Court also has jurisdiction pursuant to 28 U.S.C. §§ 1331, 1337 and 1345.

5. Venue is proper in the District of Columbia. The current investigation by the Commission is nationwide in scope, but is being directed and carried on within this judicial district at the FTC's headquarters in Washington, DC. Tyndall Decl. ¶ 4. Venue is proper in the District of Columbia, which is the location of the investigating office. *NLRB v. Cooper Tire & Rubber Co.*, 438 F.3d 1198, 1202 (D.C. Cir. 2006) (holding that location of investigating office "may well be the most reasonable [venue] choice for

purposes of subpoena enforcement"); *United States Intern. Trade Comm'n v. ASAT, Inc.*, 411 F.3d 245, 249 (D.C. Cir. 2005). Venue is also proper under 28 U.S.C. § 1391.

The Commission's Investigation

6. The Commission is investigating Nexway and others for violations of Section 5 of the FTC Act, 15 USC §45(a), and the Telemarketing Sales Rule ("TSR"), 16 C.F.R. § 310 *et seq.*, including assisting and facilitating unlawful practices and credit card laundering. Tyndall Decl. ¶¶ 15- 17. As part of this investigation, on January 28, 2020, the Commission issued a CID to Nexway. Tyndall Decl. ¶ 15. The CID was issued pursuant to Commission Resolution No. 012 3145, which authorizes the use of compulsory process under Section 20 of the FTC Act, 15 U.S.C. §57b-1.

7. The investigation was described as follows:

> Whether you or other persons or entities have engaged in deceptive and unfair practices in violation of the FTC Act, 15 USC§ 45 by cred it card laundering, assisting or facilitating violations of the Telemarketing Sales Rule, 16 C.F.R. Part 310, or by making a false or misleading statement to induce any person to pay for goods or services and whether Commission action to obtain monetary relief would be in the public interest.

Tyndall Dec. ¶ 15.

8. The FTC served the CID on Nexway on February 3, 2020. Tyndall Decl. ¶ 20.

9. The CID required Nexway to answer interrogatories and produce document relevant to the investigation, including document requests that are relevant for determining Nexway's and its officers' knowledge of telemarketers' deceptive practices. Tyndall Decl. ¶ 15.

10. The CID stated that a log should be provided when making privilege assertions. Tyndall Decl. ¶ 19.

11. The CID also stated that failure to make privilege claims may result in a waiver of the privilege. Specifically, the CID included the following instruction:

    **Withholding Requested Material/ Privilege Claims:** For specifications requesting production of Documents, if You withhold from production any material responsive to this CID based on a claim of privilege, work product protection, statutory exemption, or any similar claim, You must assert the claim no later than the return date of this CID, and You must submit a detailed log, in a searchable electronic format, of the items withheld that identifies the basis for withholding the material and meets all the requirements set forth in 16 C.F.R. § 2.1l(a)-(c). The information in the log must be of sufficient detail to enable FTC staff to assess the validity of the claim for each Document, including attachments, without disclosing the protected information. If only some portion of any responsive material is privileged, You must submit all non-privileged portions of the material. Otherwise, produce all responsive information and material without redaction. 16 C.F.R. § 2.11(c). The failure to provide information sufficient to support a claim of protected status may result in denial of the claim. 16 C.F.R. § 2.11(a)(l).

    Tyndall Decl. ¶ 19.

12. Commission Rule 2.11, 16 C.F.R. § 2.11, requires CID respondents to provide ten categories of information when asserting a privilege claim, including the following: the factual basis supporting the claim that the material is protected (for example, that it was prepared by an attorney rendering legal advice to a client in a confidential communication, or prepared by an attorney in anticipation of litigation regarding a specifically identified claim) and any other pertinent information necessary to support the assertion of protected status by operation of law.

13. The Commission's Rules of Practice permit a CID recipient to raise legal or other objections to a CID by filing an administrative petition to limit or quash. 16 C.F.R. § 2.10. Nexway did not file a petition to quash or limit the CID. Tyndall Decl. ¶ 23.

14. Nexway, through counsel—Howard Fischer of Moses & Singer LLP—requested an extension on production, which the Commission granted. Nexway subsequently

produced documents on a rolling basis, in March, May and June 2020.  Tyndall Decl. ¶ 21.

15. Nexway's production was made in an electronic format designed to be easily loaded into an eDiscovery tool like Relativity.  Indeed, Nexway's production was likely produced using such a tool.   eDiscovery tools like Relativity are commonly used by the government and law firms to review large numbers of documents, and include search and tagging functions.  eDiscovery tools, like Relativity, include functions that allow a user to make numerous targeted searches over thousands of documents.  Baldwin Decl. ¶¶ 4-5.

16. Nexway produced approximately 8210 documents (this includes emails, attachments, contracts, and spreadsheets).  Nexway did not provide a privilege log with its productions, or otherwise identify any privileged documents it had withheld.  It merely included boiler-plate language in its cover letters reserving the right to claim privilege and to claw back any inadvertently produced documents. Baldwin Decl. ¶ 6; Tyndall Decl. ¶ 24.

17. For more than seven months, the FTC searched and reviewed the documents produced by Nexway.  The FTC also used documents produced by Nexway in investigatory hearings, which involve showing documents to and asking questions of a witness during the course of an investigation, all of which are recorded by a court reporter.  The FTC conducted its search and review, and investigational hearings, prior to Nexway identifying even a single specific document as privileged.  Brooke Decl. ¶ 31.

18. The FTC served Nexway with two notices informing the company that (1) the FTC would be publicly disclosing documents that Nexway produced to witnesses in investigational hearings and others, and (2) Nexway could seek a protective order, if

necessary. The first letter, sent on June 18, 2020, informed Nexway that it had "the right to seek a protective order that would prohibit the Commission from publicly disclosing the submitted information" and requested that Nexway notify the FTC if Nexway intended to seek a protective order. Nexway responded that it would not seek a protective order provided that the information used by the FTC was not "inadvertently produced attorney-client privileged documents" or "sensitive economic data." However, Nexway failed to identify any particular documents as inadvertently produced and did not seek a protective order. Brooke Decl. ¶¶. 7-11.

19. Subsequently, on December 17, 2020, the FTC sent Nexway a letter asking questions about a small group of financial documents, including document bates numbered 7247 ("7247"), a spreadsheet that included information about invoices. Brooke Decl. ¶ 14.

20. On January 4, 2021, the Commission sent Nexway another letter notifying Nexway that, pursuant to 16 C.F.R. § 4.10(g), the FTC was providing Nexway with notice that the documents produced in response to the CID issued to Nexway "may be publicly disclosed." The letter informed Nexway that it had "the right to seek a protective order that would prohibit the Commission from publicly disclosing the submitted information," and requested that Nexway identify the FTC if it intended to seek a protective order. Again, Nexway did not seek a protective order. Brooke Decl. ¶¶ 11-13.

21. Nexway's counsel scheduled a call with FTC counsel in response to the January 4 letter. During the call, FTC counsel confirmed that the FTC planned to use documents produced by Nexway in an investigational hearing. Nexway counsel stated that they were going to speak with their client and "will advise if we anticipate seeking any protective order." Nexway did not seek a protective order. Brooke Decl. ¶¶ 12-13

### Nexway's Belated Privilege Claim, Refusal to Specifically Identify Privileged Documents, and Noncompliance with the CID's Requirement of a Privilege Log

22. On March 5, 2021, Nexway sent the FTC a letter, which responded to a number of the questions in the December 17, 2020 letter and, for the first time, claimed that one document – 7247 – was covered by the attorney-client privilege. Before this, Nexway had never claimed that any document was privileged. In particular, counsel for Nexway said that 7247 was protected by attorney-client privilege because it was provided to Oliver Von Kroog, Nexway/asknet counsel, to obtain legal advice. Nexway counsel claimed that 7247 had been inadvertently produced and requested that the FTC return the document and purge it from FTC document retention systems. Brooke Decl. ¶¶ 15-16.

23. On March 9, 2021, the FTC responded via letter requesting that Nexway provide the Commission with the information required by the CID to support a privilege claim for 7247. Brooke Decl. ¶ 18.

24. On April 19, 2021, Nexway sent a letter in response to the FTC's March 9, 2021 letter: (1) again claiming that 7247 was privileged; and (2) further requesting that the FTC return documentation between Nexway and Oliver Von Kroog that was inadvertently produced. Nexway's April 19, 2021 response did not (1) identify any other document besides 7247 or (2) include a privilege log. Brooke Decl. ¶¶ 19-20.

25. The FTC responded to Nexway by letter on April 27, 2021 ("April 27 letter"). In the April 27 letter, the FTC noted that Nexway's April 19, 2021 request concerning correspondence with Mr. Von Kroog was vague and overbroad, and failed to identify which documents Nexway claimed were privileged and why. Specifically, the April 27 letter noted that Nexway had "not identified any documents as being inadvertently

produced" and that Nexway's reference to hypothetically privileged documents did not suffice as identification. Brooke Decl. ¶ 21.

26. Furthermore, the April 27 letter pointed out that "neither your correspondence nor our inquiry" established or provided any evidence that Oliver Von Kroog is a member of a bar – a requirement for any attorney-client privilege claim to apply to any documents sent to him. The April 27 letter noted that (1) the FTC could find no evidence that Mr. Von Kroog was a licensed attorney in the U.S.; (2) on his public LinkedIn page, Mr. Von Kroog identified himself as a "Legal Advisor/Juriste" and in-house employee of Nexway; and (3) in France, a juriste is not a member of a bar. Therefore, the April 27 letter concluded that the attorney-client privilege would not apply to communications with Mr. Von Kroog under both U.S. and French law, citing to case law showing that the attorney-client privilege did not apply to communications with someone unless they were a member of the bar. Additionally, the April 27 letter noted that Nexway had failed to (1) produce a privilege log and (2) comply with the instructions set forth in the CID related to withholding a document on the basis of privilege. Brooke Decl. ¶¶ 22-24.

27. The FTC also informed Nexway that, while the status of 7247 was in dispute, the FTC would sequester the document as permitted by 16 C.F.R. § 2.11(d)(1)(ii)(B). Brooke Decl. ¶ 24.

28. The FTC concluded the April 27 letter by (1) noting that it was Nexway's burden to search for and identify documents for which it claimed privilege; and (2) requesting that Nexway fully comply with the CID instruction and produce a log and identify which privileged documents it claimed to have inadvertently produced within 14 days. If

Nexway did not do so, the April 27 letter stated, the FTC would assume that no privileged documents were inadvertently produced. Brooke Decl. ¶ 25.

29. On May 4, 2021, FTC staff and Nexway counsel had a conference call. During that call, FTC staff indicated that they were in the process of preparing a draft of a proposed Complaint that relied on numerous documents produced by Nexway. FTC staff requested that Nexway identify any documents to which they would claim privilege so that the FTC could finalize a proposed Complaint. Instead, Nexway counsel suggested that (1) the FTC provide Nexway with a list of documents FTC staff intended to rely on so that Nexway could identify which documents Nexway now claimed to be privileged; or (2) FTC staff provide Nexway with a copy of the draft proposed Complaint so that Nexway could identify which sections relied on documents Nexway now claimed to be privileged. FTC staff rejected these proposals and that same day sent a follow up email reiterating the requests in the April 27 letter that Nexway: (1) comply with the requirements of the CID; (2) identify any documents Nexway claimed were privileged; (3) prove that Mr. Von Kroog is a member of the bar; and (4) establish all of the elements of the attorney-client privilege claim for any document within 14 days of April 27, 2021. Brooke Decl. ¶¶ 26-28.

30. On May 11, 2021, Nexway's counsel sent an email in which Nexway (1) did not include any evidence that Mr. Von Kroog was a member of a bar, (2) refused to search and identify any documents it claimed were privilege, and (3) refused to produce a privilege log. Brooke Decl. ¶¶ 29-30.

31. Nexway has not claimed that Mr. Von Kroog is a member of a bar in either the United States or France. Brooke Decl. ¶ 30.

32. Mr. Von Kroog is not an attorney and is not a member of a bar in the U.S. or France. Instead, Mr. Von Kroog is a French juriste; an in-house legal advisor who has studied law at a university, but has not gone to law school, passed a bar, or been admitted to a bar. Tyndall Decl. ¶¶ 25-28; Blumrosen Report. ¶¶ 21-22, 27-31, 38-39, 65.

33. Communications with a juriste or in-house counsel are not privileged under French law. Blumrosen Report. ¶¶ 40, 42.

34. Nexway did not take reasonable steps to prevent any inadvertent disclosure and has not taken reasonable steps to rectify any inadvertent disclosure. Nexway has repeatedly refused to review its production for potentially privileged documents and produce a privilege log specifically identifying the documents it claims are privileged and were inadvertently disclosed.

## Sequestration of Documents

35. FTC staff searched for and identified approximately 200 documents produced by Nexway that included Mr. Von Kroog's email address or were attached to documents with his email address. Even though Nexway failed to identify any purportedly privileged documents besides 7247, the FTC, out of an abundance of caution, proactively sequestered the approximately 200 documents identified by its search that, as best as it can determine given Nexway's vague references, include communications Mr. Von Kroog received or sent, and attachments to those communications. Baldwin Decl. ¶¶ 7-8.

36. This sequestration is broader than would be required by any claim of attorney-client privilege offered by Nexway, since, for example, the search did not exclude documents that were shared with other companies. Brooke Decl. ¶ 35.

37. As of today, Nexway has still not identified any document other than 7247 as privileged, or produced a privilege log.  Brooke Decl. ¶ 33.

38. Nexway's effort to withhold documents required by the CID based on its unsupported privilege claim has impeded the Commission's ability to complete its investigation and is contrary to the public interest.  Brooke Decl. ¶ 36.

<u>Notice of Intent to Raise Issue of Foreign Law</u>

39. The FTC intends to raise the issue of privilege under French law, and any other applicable foreign law.  Pursuant to Federal Rule of Civil Procedure 44.1, "A party who intends to raise an issue concerning the law of a foreign country shall give notice by pleadings or other writing.  In determining foreign law, the court may consider any relevant material or source, including testimony, whether or not submitted by a party or admissible under the Federal Rules of Evidence.  The court's determination must be treated as a ruling on a question of law."

PRAYER FOR RELIEF

The FTC invokes the aid of this Court and requests the following:

1.  The immediate issuance of an order directing Nexway to appear and show cause why the Court should not rule that (a) any right Nexway had to assert a privilege related to any communications with or documents provided to Mr. Von Kroog it produced in response to the FTC's CID has been waived; and (b) no attorney-client privilege applies to Nexway's communications with Mr. Von Kroog; or

2.  In the alternative, the immediate issuance of an order directing Nexway to appear and show cause why the Court should not enter an order (a) <u>r</u>equiring that Nexway produce to the FTC and to the Court  a complete and thorough privilege log that complies with the CID and

13

FTC Rule 2.11; and (b) including an expedited briefing schedule regarding the validity of any Nexway privilege claims so that the FTC has an opportunity to challenge Nexway's claims as a whole and on a document-by-document basis, with in camera review of the documents if necessary; and

    3.    Such other relief as this Court deems just and proper.

Dated:  November 17, 2021

Respectfully submitted,

**FEDERAL TRADE COMMISSION**

James Reilly Dolan
Acting General Counsel

Michele Arington
Assistant General Counsel for Litigation

s/Russell Deitch

_____
Russell Deitch, Attorney
J. Ronald Brooke, Jr., Attorney
Federal Trade Commission
Washington, DC 20580
202-326-2585(Deitch)
202-326-3484 (Brooke)
rdeitch@ftc.gov
jbrooke@ftc.gov