# Exhibit 4

DECLARATION OF GERWYN BALDWIN
PURSUANT TO 28 U.S.C. § 1746

I, Gerwyn Baldwin, hereby declare as follows:

1. I have personal knowledge of the matters outlined in this declaration, and, if called as witness, I could and would testify as to the matters stated herein.

2. I am a Litigation Support Specialist (Lead Case Manager) with the Federal Trade Commission ("FTC"). I am an experienced, e-Discovery professional and have been managing data for 17+ years. As part of my job duties, I manage the litigation support activities: as well data management and FTC Case team support for all, hosted custodian and source data assigned to me as the case manager supporting the Division of Marketing Practices. My work address is 600 Pennsylvania Avenue, NW, Washington.

3. I am informed that the FTC has an open investigation into a company called Nexway, Inc. ("Nexway"). I am informed by the FTC Nexway Case team that Nexway was served with an FTC civil investigative demand ("CID") which included document requests. As part of my duties, I oversaw FTC staff and FTC contractors saving document productions from Nexway into a Relativity database ("Nexway Relativity database").

4. Relativity is an e-Discovery tool. e-Discovery tools like Relativity are commonly used by the government and law firms to review large numbers of documents, and include search and tagging functions. e-Discovery tools, like Relativity, include functions that allow a user to make numerous targeted searches over millions of documents in just minutes.

5. Nexway's production was made electronically, in a load ready production format – a format that can readily be loaded into e-Discovery tools like Relativity. I specifically reviewed one of Nexway's productions and noted that it included: (1) a .DAT file (a file used to load documents to a review platform); (2) an .OPT file (a load file used to load images to a review

platform); (3) images; (4) natives (native files): and (5) text files. Nexway's inclusion of text files with its production is important because these files provide the text that is imported into a database for the purposes of running searches and reviewing document text. This "load ready production format" would indicate that Nexway - the producing party - has the ability to load and search this data in almost any e-Discovery review tool, including Relativity, Concordance, and number of proprietary e-Discovery applications.

6.      In total, Nexway produced approximately 8210 documents (this includes emails, attachments, contracts, and spreadsheets) that were processed and loaded into the Nexway Relativity database.

7.      On or about April 26, 2021, in response to a request by the Nexway FTC case team, FTC contractors under my supervision identified and sequestered document bates numbered 7247 in the Nexway Relativity database.

8.      On or about May 26, 2021, in response to a request by the Nexway FTC case team, FTC contractors under my supervision identified approximately 200 documents in the Nexway Relativity database that were produced by Nexway and included Mr. Von Kroog's Nexway email address or were attached to documents with Mr. Von Kroog's Nexway email address ("Nexway Von Kroog Documents"). The Nexway Von Kroog documents were all subsequently sequestered by on or about June 15, 2021.

9.      Given that Nexway produced its documents in a load ready production format with a text file, Nexway should also have been able to easily perform a search for documents sent to Mr. Von Kroog's Nexway email address using most e-Discovery tools prior to or after their production.

I state under penalty of perjury that the foregoing statement is true and correct.

Executed on __October 21_____, 2021, in Washington, DC

*Gerwyn Baldwin*
_____
Gerwyn Baldwin

3