**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

| |
|---|
| **FEDERAL TRADE COMMISSION,** |
| Petitioner, |
| v. |
| **NEXWAY, INC.,** |
| Respondent. |

Case No. 1:21-mc-00145 (TNM)

## ORDER

The parties have filed a joint stipulation that includes the following:

1. The Federal Trade Commission ("FTC") filed a petition to enforce a Civil Investigative Demand issued to Nexway, Inc. ("Nexway") on November 24, 2021 ("CID"), along with related documents, pursuant to Section 20 of the Federal Trade Commission Act, 15 U.S.C. Sections 57b-1(e), (h). *See* ECF No. 1 (Petition).

2. The FTC served the CID to produce documents and information on Nexway on February 3, 2020. A copy of the CID has been filed as Exhibit 18 to the Petition. *See* ECF No. 1-5 at 183–202.

3. The due date for production pursuant to the CID was February 28, 2020. Nexway received an extension from the FTC until March 4, 2020 for part of the production and until April 3, 2020 for the rest of the production. Nexway subsequently produced documents on a rolling basis in March, April and June 2020.

4. Nexway later claimed that document Bates Number 7247 was privileged. Subsequently, Nexway claimed that documents involving communications with Oliver Von

Kroog were privileged, but it did not specifically identify the documents or produce a privilege log.

5. In the Petition, the FTC requested an Order finding that Nexway had waived any attorney-client privilege related to any communication with or documents provided to Mr. Von Kroog it produced in response to the FTC's CID; that regardless of any waiver, no attorney-client privilege applied to Nexway's communications with Mr. Von Kroog; and that the FTC therefore should be able to use the documents without any such attorney-client restriction. *See* Petition at 2.

6. The Court issued an Order to Show Cause on December 6, 2021 requiring Nexway to show cause why the attorney client privilege had not been waived, and why the attorney client privilege applies. *See* ECF No. 6.

7. Nexway now stipulates that none of the documents, answers to Interrogatories, letters from its counsel Moses and Singer and any other information Nexway or its counsel Moses and Singer produced in response to the CID, or in response to the FTC's subsequent requests for information or documents, are privileged. Nexway also stipulates that the FTC can use all of the documents and information without any restrictions arising from any claim of attorney-client privilege. The FTC joins in these stipulations.

Based upon the joint stipulation, and the filings in this case, it is hereby

**ORDERED** that:

(1) None of the documents, answers to Interrogatories, letters from its counsel Moses and Singer and other information that Nexway or its counsel Moses and Singer produced to the FTC in response to the CID, or subsequent requests for information or documents, are protected by the attorney-client privilege.

(2) The FTC can use all the aforementioned documents, answers to Interrogatories, letters from counsel and other information Nexway or its counsel Moses and Singer produced to the FTC without any restrictions arising from any claim of attorney-client privilege.

(3) The Court's Order to Show Cause is discharged.

**SO ORDERED.** The Clerk of Court is requested to close this case.

Dated: January 5, 2022

TREVOR N. McFADDEN
United States District Judge